# IN THE SUPREME COURT OF THE STATE OF NEVADA

TERRELL DESHON KEMP,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77099

FILED

SEP 1 6 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of two counts of attempted murder with the use of a deadly weapon and one count of battery with the use of a deadly weapon resulting in substantial bodily harm; and, pursuant to a guilty plea, of two counts of ownership or possession of a firearm by a prohibited person.[1]  Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

Appellant first argues that reversal is warranted because the State insinuated that appellant intimidated a witness, Rico, without any substantial credible evidence supporting that theory. *See Lay v. State*, 110 Nev. 1189, 1193, 886 P.2d 448, 450-51 (1994) ("[T]he [State]'s references to, or implications of, witness intimidation by a defendant are reversible error unless the prosecutor also produces substantial credible evidence that the defendant was the source of the intimidation."). Having reviewed the record, we disagree that the State intimated that appellant intimidated Rico. Rather, the State's arguments and evidence focused on showing Rico's connection to the case and the State's efforts to procure his testimony to

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

SUPREME COURT
OF
NEVADA

(O) 1947A

21-26873

counter any claim that it obstructed Rico from testifying. *Contra id.* at 1193, 886 P.2d at 451 (recognizing reversal is appropriate where the record as a whole shows implications of witness intimidation or where the State hints at violence on the part of the defendant).

Appellant next argues that the district court committed plain error by improperly admitting a hearsay statement into evidence. Even if error, admitting the statement did not prejudice the defendant where it did not implicate him and where the victim's and an eyewitness's testimony identified appellant as the perpetrator of the crimes charged. *See Richard v. State*, 134 Nev. 518, 526, 424 P.3d 626, 632 (2018) (reviewing the wrongful admission of hearsay evidence for harmless error and finding such error harmless where other evidence supported the conviction). And, because the statement was clearly nontestimonial in nature, appellant's related Confrontation Clause argument fails.[2] *See Davis v. Washington*, 547 U.S. 813, 821-22 (2006) (providing that Confrontation Clause rights only apply to testimonial statements, which a person generally makes in response to law enforcement's attempts "to establish or prove past events potentially relevant to later criminal prosecution").

Appellant also argues the district court abused its discretion in admitting evidence showing calls from the jail unit appellant was housed at to Rico's phone number, as they were irrelevant, unsubstantiated, and prejudicial. *See Richard*, 134 Nev. at 521, 424 P.3d at 629 (reviewing the admission of evidence for an abuse of discretion). We disagree that this evidence was irrelevant or unsubstantiated—the evidence was relevant to

---

[2]The statement in question was made by Rico to the victim during the commission of the crimes at issue in this appeal.

whether appellant knew Rico, whom other witnesses had mentioned in their testimony, and was substantiated by the testimony of the investigator who created the call log.[3] *See* NRS 48.015 (defining relevant evidence); *cf. Thomas v. State*, 114 Nev. 1127, 1147-48, 967 P.2d 1111, 1124 (1998) (discussing the laying of foundation in the context of admitting business records under NRS 51.135 and recognizing that "[t]he government need only make a prima facie showing of authenticity so that a reasonable juror could find that the document is what it purports to be"). And any abuse of discretion regarding the district court's weighing of the evidence's probative value is harmless where other evidence, as discussed above, supports the convictions. *See Richard*, 134 Nev. at 526, 424 P.3d at 632 (reviewing wrongfully admitted evidence for harmless error).

Reviewing for plain error, we also disagree with appellant's assertion of prosecutorial misconduct. *See Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008) (providing that plain error review applies when a party fails to preserve a prosecutorial misconduct claim by raising an objection in the district court). Appellant's argument is based on the same arguments discussed above: that any evidence regarding Rico was improperly admitted, especially when Rico did not testify, and that the State insinuated appellant intimidated Rico to keep him from testifying without substantial supporting evidence. We have already rejected appellant's argument that the State improperly insinuated that he intimidated Rico into not testifying such that we find no misconduct as to that issue. And appellant's other assertions of misconduct do not constitute

[3]We reject appellant's contention that the best evidence rule applies; the State only presented a log of the calls made, it did not seek to admit the content of any of the calls.

plain error where the alleged misconduct is not "plain from a review of the record." *Id.* We therefore decline to reverse the convictions based on these arguments. *See id.* at 1188, 196 P.3d at 476 (providing that the first step in reviewing a prosecutorial misconduct claim is to determine whether the prosecutor committed misconduct).

While we identify two potential errors above, reversal due to cumulative error is unwarranted. *See id.* at 1195, 196 P.3d at 481 (discussing cumulative error). The gravity of the crimes charged is serious, but the quantity and the character of the potential errors are not. *See id.* Moreover, the issue of guilt was not close when, at trial, the victim identified appellant as the shooter in one shooting and an eyewitness identified appellant as the shooter in the other. *See id.* Therefore, we

ORDER the judgment of conviction AFFIRMED.[4]

_____, C.J.
Hardesty

_____, J.        _____, Sr.J.
Stiglich                              Gibbons

cc:    Hon. Jerry A. Wiese, District Judge
       Coumou Law Group
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[4]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.